**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2674
_____

UNITED STATES OF AMERICA,

v.

STEVEN P. GRADOS,

                                        Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-16-cr-00057-01)
District Judge:  Honorable Kim R. Gibson
_____

Submitted under Third Circuit L.A.R. 34.1(a)
May 1, 2018

Before:  SMITH, *Chief Judge*, HARDIMAN, and RESTREPO, *Circuit Judges*

(Filed:  December 26, 2018)
_____

OPINION*
_____

_____

* This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*

Appellant, Steven P. Grados, was convicted of two counts of mail fraud, in violation of 18 U.S.C. §§ 2 and 1341, and one count of knowingly and intentionally forging the signature of a Judge of the United States, in violation of 18 U.S.C. § 505. He raises claims of prosecutorial misconduct, ineffective assistance of trial counsel, and trial court error. For the reasons which follow, we affirm.

**I.**[1]

The aforementioned charges arise from allegations that appellant, a former Pennsylvania State Trooper, devised a scheme to defraud his ex-wife and the organization which manages state pensions, the State Employees Retirement System ("SERS"). The Government alleges that Grados forged the signature of the former Chief Judge of the Western District of Pennsylvania, the late Honorable Gary L. Lancaster, and mailed to SERS a fraudulent Opinion and Order that directed it to stop monthly payments of a portion of his State Trooper pension to his ex-wife, payments which had previously been ordered by an Illinois judge following divorce proceedings. When SERS did not cease payment to appellant's ex-wife, appellant allegedly sent another copy of the fraudulent Opinion and Order, along with a handwritten note which he signed, asking SERS to cease payment pursuant to the Order.

---

[1] We write exclusively for the parties and therefore set forth only those facts that are necessary for our disposition.

2

At trial, the Government called 11 witnesses, including FBI agents, a handwriting expert, appellant's first ex-wife, her divorce attorney from Illinois, Judge Lancaster's former Courtroom Deputy, and a former Law Clerk. The Government also called appellant's estranged second wife, Carlese Grados.[2] She received an informal promise of immunity from the Government and testified that she helped appellant type the Opinion and Order while he dictated it to her over the course of several months. Carlese Grados further testified that appellant held the Opinion and Order up against the window to trace Judge Lancaster's signature and then put it in an envelope. Finally, she testified that she and appellant drove to two post offices before he had her mail the Opinion and Order to SERS.

Following trial, a jury returned a guilty verdict as to all three counts, and appellant was sentenced to 46 months in prison on each Count, to run concurrently, followed by three years of supervised release, plus monetary penalties. Appellant's subsequent motion for a new trial was denied.

On appeal, appellant raises the following claims: (1) prosecutorial misconduct in eliciting from Carlese Grados prejudicial testimony that appellant called her a "bitch" (and ineffective assistance of trial counsel in failing to object on that ground); (2) prosecutorial misconduct in disobeying the District Court's prior instruction by asking a guilt-assuming hypothetical question (and ineffective assistance of trial counsel in failing

---

[2] Appellant, who testified on his own behalf, presented four character witnesses.

to object to a guilt-assuming hypothetical question asked of one of appellant's character witnesses); (3) District Court error in failing to grant a mistrial after the Government asked a guilt-assuming hypothetical question; and (4) ineffective assistance of trial counsel in failing to object to an improper jury instruction regarding character testimony.

The Government responds that there was no prosecutorial misconduct,[3] or trial court error, and even assuming any misconduct or error occurred, a new trial was not warranted. Further, the Government argues that insofar as appellant raises ineffective assistance claims, such claims are without merit, and are premature on direct appeal in any event.

## II.[4]

On appeal, appellant argues that two lines of testimony prejudiced his right to a fair trial. First, he argues that the Government committed prosecutorial misconduct by eliciting prejudicial testimony from appellant's estranged second wife who testified on

---

[3] The Government argues that, with regard to appellant's first claim, the prosecutor's questioning simply elicited the remainder of Carlese Grados' conversation with appellant, first raised by appellant on cross-examination. With regard to appellant's second claim, the Government points out that the hypothetical question challenged by appellant's second claim on appeal requested the witness to hypothetically assume that appellant lied under oath in a criminal trial, as opposed to the hypothetical which the District Court had previously ruled was improper for "assum[ing] that [appellant was] guilty of the crime [for] which he [was] charged in this case," i.e., "forg[ing] the signature of a federal judge." (App. 408-09.)

[4] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C § 1291.

re-direct examination that appellant called her a "bitch."[5] Second, appellant argues the

prosecutor erred by allegedly disobeying the District Court in asking a guilt-assuming

hypothetical question at trial after the Court had sustained appellant's earlier objection to

a different hypothetical question.[6] As appellant acknowledges on appeal, he failed to

contemporaneously object to the prosecutor's allegedly improper conduct based on the

---

[5] During re-direct of Carlese Grados, the prosecutor asked her what appellant said when she informed him that she was going to stay at her mother's house to which he replied, "I don't care, you bitch." (App. 254.)

[6] At trial, the prosecutor asked Carol Pore, one of appellant's four character witnesses, "If you knew that the Defendant *had lied under oath in a criminal trial*, would that affect your opinion as to whether or not he was a truthful person?" (App. 407 (emph. added).) Appellant did *not* object to this question, and Ms. Pore answered. The prosecutor later began asking Ms. Pore, "I want you to assume for a moment that the Defendant forged the signature of a federal judge on a document that was designed to cut off his ex-wife's share of his pension - -", and defense counsel objected. (App. 408.) At sidebar, defense counsel asked for a mistrial, and the Court denied that request but sustained the objection. The Court indicated that it sustained the objection to the *second* hypothetical since it asked the jury to "assume that [appellant was] guilty *of the crime to which he's charged in this case*." (App. 409 (emph. added).) Subsequently, during cross-examination of Christopher Bardi, another of appellant's character witnesses, the prosecutor asked, "If you were told that Mr. Grados *had lied under oath in a criminal trial*, would that information impact your opinion concerning Mr. Grados's truthfulness?" (App. 413.) Appellant objected, and the witness continued to answer the question in the negative. The Court sustained the objection and told the jury to *disregard both the question and the answer*. Appellant did not request a mistrial during Mr. Bardi's testimony. It is this question asked during cross-examination of Mr. Bardi that appellant claims on appeal was prosecutorial misconduct warranting relief on the ground the prosecutor disobeyed the District Court's previous instructions regarding a "guilt-assuming hypothetical." We note that with regard to the hypothetical challenged by this claim on appeal, it was not a "guilt-assuming hypothetical" in the sense that we have used that term in prior cases since the question did not specifically "refer . . . to the conduct that formed the basis of the charged crimes," *see, e.g., United States v. Kellogg*, 510 F.3d 188, 192, 196 (3d Cir. 2007) (concluding "there is nothing inherent in guilt-assuming hypotheticals, in the abstract, that makes them unfairly prejudicial, let alone so prejudicial as to constitute a *per se* violation of due process").

grounds he raises on appeal, and thus the parties agree we review these claims for plain error. *See United States v. Moore*, 375 F.3d 259, 263 (3d Cir. 2004).

"The test for prosecutorial misconduct is whether the conduct 'so infected the trial with unfairness as to make the resulting conviction a denial of due process' in light of the entire proceeding." *United States v. Morena*, 547 F.3d 191, 194 (3d Cir. 2008) (quoting *Marshall v. Hendricks*, 307 F.3d 36, 67 (3d Cir. 2002)) (internal quotation marks omitted). "In order to demonstrate prosecutorial misconduct under a plain error standard, the review must reveal egregious error or a manifest miscarriage of justice." *United States v. Brennan*, 326 F.3d 176, 182 (3d Cir. 2003) (quoting *United States v. Brown*, 254 F.3d 454, 458 (3d Cir. 2001)) (internal quotation marks omitted).

Under the plain error standard, an appellate court may, in its discretion, correct an error not contemporaneously raised at trial only where the appellant "demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights . . . ; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Kolodesh*, 787 F.3d 224, 230 n.4 (3d Cir. 2015) (quoting *United States v. Marcus*, 560 U.S. 358, 262 (2010) (internal quotation marks omitted)). "'Affecting substantial rights' means that the error must have been prejudicial to the defendant and have affected the outcome of the district court proceeding." *Brennan*, 326 F.3d at 182 n.2 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)); *see Kolodesh*, 787 F.3d at 230 n.4 (citing *Marcus*, 560 U.S. at 262).

6

Here, even assuming *arguendo* that the prosecution improperly elicited the testimony indicating that appellant called his estranged wife a "bitch," and that the challenged hypothetical question was improper, since we conclude that such conduct did not affect the outcome of the proceeding in light of the entire trial, the alleged errors did not affect appellant's substantial rights. We note that with regard to the hypothetical, the District Court instructed the jury to disregard the question and answer during Mr. Bardi's testimony. *Cf. United States v. Fattah*, 902 F.3d 197, 259 (3d Cir. 2018) (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)) ("[J]uries are presumed to follow their instructions"); *United States v. Hakim*, 344 F.3d 324, 326 (3d Cir. 2003) ("[w]e generally presume that juries follow instructions given by the District Court").

Similarly, we affirm the District Court's challenged denial of appellant's request for a new trial. We review the District Court's decision to deny a request for a new trial predicated on allegations of prosecutorial misconduct for abuse of discretion. *See United States v. Wood*, 486 F.3d 781, 786 (3d Cir. 2007).

Prosecutorial misconduct warrants a new trial only if it "so infect[s] the trial with unfairness as to make the resulting conviction a denial of due process." *Greer v. Miller*, 483 U.S. 756, 765 (1987) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). A trial court must consider a prosecutor's improper remarks in the context of the entire trial, including any curative instructions, the weight of the properly admitted evidence against the defendant, and the nature of the prosecutor's improper actions. *Morena*, 547 F.3d at 193-94. Here, considering the nature of the challenged conduct and

7

testimony, and the context of the entire trial, including the fact that the District Court instructed the jury to disregard the challenged hypothetical question during Mr. Bardi's testimony, the District Court did not abuse its discretion in concluding on this record that a new trial was not warranted.

Finally, to the extent that appellant raises claims of ineffective assistance of counsel, his claims are premature. "We have repeatedly expressed our strong preference for reviewing allegations of ineffective assistance of counsel in collateral proceedings under 28 U.S.C. § 2255 rather than on direct appeal." *United States v. Sandini*, 888 F.2d 300, 312 (3d Cir. 1989); *see also Massaro v. United States*, 538 U.S. 500, 505 (2003) (observing that a district court generally constitutes "the forum best suited to developing the facts necessary to determining the adequacy of representation"). Accordingly, we deny these claims without prejudice to his right to raise them on collateral attack. *See United States v. Thornton*, 327 F.3d 268, 272 (3d Cir. 2003) (denying on direct appeal defendant's ineffective assistance claim without prejudice to his right to raise the claim on collateral review, even where the Government conceded defense counsel's performance was deficient).

## III.

For the foregoing reasons, we affirm the District Court's judgment of conviction, without prejudice to appellant's right to raise his ineffective assistance claims in a properly filed § 2255 motion.

8